UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Eddie Moore, #222957 | ) | C/A No. 3:09-1229-CMC-JRM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Mr. Michael McCall, Warden for the South Carolina Dept of Corrections, | ) ) | |
| | ) | |
| Respondent. | ) | |

Eddie Moore (Petitioner) is an inmate currently housed at Perry Correctional Institution, which is a facility of the South Carolina Department of Corrections (S.C.D.C.). Petitioner files this habeas action pursuant to 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court,[1] the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Court is required to liberally construe *pro se* documents. *Erickson v. Pardus*, 551 U.S.

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976). Such *pro se* documents are held to a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. at 520. A federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, this petition is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

**Background**

Petitioner was arrested on state charges in August 2008 which resulted in Petitioner's September 25, 2008 arrest for violating his federal probation that he had begun on May 3, 2008.[2] Petitioner was sentenced on the state charges on October 29, 2008, and he states that he received a six year sentence suspended to four years and three years probation to run concurrent with his federal sentence regarding his federal probation revocation. He brings this § 2241 petition claiming that his sentences are not being properly credited. Specifically, his grounds for relief are as follows (verbatim):

    a. Ground one: The imposition/execution of Petitioner Moore's state sentence

---

[2]This Court takes judicial notice of Petitioner's prior criminal cases in this Court, *see United States v. Moore*, No. 7:05-cr-01070-GRA-1 and *United States v. Moore*, No. 7:05-cr-01071-GRA-1, in which revocation of supervised release, not probation, proceedings are pending and hearings are scheduled for July 9, 2009, before the Honorable G. Ross Anderson, Jr., United States District Judge. For consistency with the terminology used by Petitioner in his grounds for relief, this Court continues to use the term "probation," yet acknowledges that "supervised release" was Petitioner's status prior to his arrest on state charges.

2

>which is to be run concurrently with his federal revocation sentence will force Moore to do two sentences where Moore is currently housed in a state facility.
>
>***
>
>b. Ground Two: To force Petitioner Moore to serve his full state sentence before the imposition and/or execution of his federal sentence is violative of Moore's due-process rights.
>
>***
>
>c. Ground Three: Detainer of the Federal Bureau of Prisons deprives Petitioner from advancing his custody level/status.
>
>****
>
>d. Ground Four: S.C.D.C. Institutional Classification Committee Review Board Chairperson, Mr. Medvor's Assessment of Petitioner's pending detainer violates Moore's due process rights.

(Pet. at 5-6.)

As relief, Petitioner requests "a court order to go before the Federal Bureau of Prisons within 15 working days of this order and receive [sic] credit for all the time prior to and after his state sentence was imposed and executed." (Pet. at 8.)

## Discussion

A habeas corpus petition pursuant to § 2241 is the proper vehicle for challenging the manner and execution of Petitioner's sentence. *See* 28 U.S.C. § 2241. In this petition, Petitioner is arguing that his state and federal sentences are not being properly calculated because he currently is serving a state sentence that is supposed to run concurrent with his federal sentence. However, because Petitioner has not been sentenced yet on his federal charge of probation violation, there is no federal sentence to calculate in conjunction with his state sentence.

"A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Under § 3585(a), a federal sentence cannot commence prior to the date it is pronounced. *U.S. v. McLean*,

867 F.2d 609 (4th Cir.1989) (unpublished); *U.S. v. Flores*, 616 F.2d 840, 841 (5th Cir.1980).  Thus, Petitioner's request to go before the Federal Bureau of Prisons (BOP) regarding calculating or crediting of his state and federal sentences is premature.  Petitioner has not been sentenced on his federal probation violation, and this Court must sentence Petitioner on that charge before the Attorney General, through the BOP, has the responsibility to administer a federal sentence.  *See United States v. Wilson*, 503 U.S. 329, 335 (1992); *see also Chambers v. Holland*, 920 F. Supp. 618 (M.D. Pa. 1996); *United States v. Smith*, 812 F. Supp. 368 (E.D.N.Y. 1993).  While the BOP determines when a defendant's sentence starts and what credit the defendant will receive for time spent in custody, *see United States v. Montez-Gaviria*, 163 F.3d 697, 700-01 (2d Cir. 1998), this cannot occur until a federal sentence has been imposed.

To the extent that Petitioner may be claiming a due process violation because he has not had a speedy adjudication of his probation violation, his claim fails.  In *Morrissey v. Brewer*, 408 U.S. 471 (1972), the United States Supreme Court held that due process mandates that a parole revocation hearing take place within a reasonable time after a parolee is taken into custody.  However, four years later in *Moody v. Daggett*, 429 U.S. 78 (176), the United States Supreme Court held that the guarantee of a prompt parole revocation hearing in *Morrissey* is inapplicable where an individual is in custody on a criminal conviction and therefore, has already been lawfully deprived of his liberty.  Because Petitioner is serving a state court conviction, *Morrissey* is inapplicable in this case, and there is no due process implication.

As to Petitioner's claims concerning his current custody status in the S.C.D.C. system, he fails to raise a viable habeas issue.  The United States Supreme Court in *Wilkinson v. Dotson*, 544 U.S. 74 (2005), makes clear that habeas petitions are appropriate only where "success in [the] action

would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 82.  A § 2241 petition appropriately challenges the execution or duration of confinement.  Any challenge to Petitioner's conditions of confinement, such as his custody level, must be pursued through a separate civil rights action pursuant to 42 U.S.C. § 1983.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

**Recommendation**

Accordingly, for the reasons stated above, it is recommended that the § 2241 petition for a writ of habeas corpus in this case be dismissed *without prejudice* and without service upon the Respondent.  *See Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that petitioner's claims are either barred from review or without merit); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return).  *Cf.* the Anti-Terrorism and Effective Death Penalty Act of 1996.

Joseph R. McCrorey
United States Magistrate Judge

July 2, 2009
Columbia, South Carolina

**Petitioner's attention is directed to the important notice on the next page.**

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).